UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELSTON SMITH,

                Plaintiff,             CIVIL ACTION NO. 08-CV-15021-AA

      vs.

                                 DISTRICT JUDGE JOHN CORBETT O'MEARA

SEARS, ROEBUCK AND        MAGISTRATE JUDGE MONA K. MAJZOUB
COMPANY, et al.,

                Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER

This matter comes before the Court on Plaintiff's Motion to Quash Defendant's Subpoena, or in the Alternative Motion for a Protective Order filed on April 24, 2009. (Docket no. 21). This motion was referred to the undersigned for decision. (Docket no. 22). Defendant Sears, Roebuck and Company responded to Plaintiff's motion. (Docket no. 24). The parties filed a Joint Statement of Resolved and Unresolved Issues on May 12, 2009. (Docket no. 28). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

1.      **Facts**

This is an employment discrimination action against Plaintiff's former employer, Sears, Roebuck and Company. On March 23, 2009 Plaintiff served answers to Defendant's Interrogatories and in answering Interrogatory No. 6 stated that Plaintiff "objects to any attempt by Defendant's [sic] to contact Plaintiff's current employer." (Docket no. 21 ex. 2). Plaintiff's current employer is Wearmaster Auto Repair in Detroit, Michigan. (*Id*.). On March 27, 2009 Defendant's counsel

-1-

mailed a subpoena duces tecum to Wearmaster Auto Repair for all of Plaintiff's employment records to be produced on or before April 13, 2009. (*Id*. ex. 3). Defendant's counsel did not send a copy of the subpoena or otherwise provide notice to Plaintiff's counsel of this subpoena. Plaintiff's counsel only became aware of the subpoena because Plaintiff opened the mail at his place of employment and found the subpoena. (Docket no. 28 at 4). Plaintiff gave the original subpoena to his employer and a copy to Plaintiff's counsel. (*Id*.).

Plaintiff then filed this Motion to Quash or for Protective Order seeking an order quashing the subpoena or a protective order prescribing an alternate method by which Defendant can obtain the desired discovery. (Docket no. 21 at 4). The bases for Plaintiff's motion are: (1) that Defendant failed to give notice of the subpoena as required by Fed. R. Civ. P. 45(b)(1); (2) that Defendant failed to obtain a signed authorization for employment records from Plaintiff; (3) that Plaintiff has offered to obtain his personnel file and deliver it to Defendant thus obviating the need for the subpoena; and (4) that Plaintiff is concerned that Defendant's subpoena will notify Plaintiff's current employer that he is suing a former employer thus jeopardizing his current employment. (*Id*. at 3). Plaintiff relies upon Fed. R. Civ. P. 45 and 26 but fails to specify which portions of those Rules apply. (*Id*. at 5). Plaintiff also fails to provide any support in the form of case law. (Docket no. 21).

Defendant Sears, Roebuck and Company concedes that it failed to give prior notice of its subpoena to Plaintiff pursuant to Fed. R. Civ. P. 45(b)(1), but attributes this failure to "an oversight." (Docket no. 24 at 4). Defendant argues that this oversight is not reason to quash its subpoena given that Plaintiff received actual knowledge of it. Defendant also argues that there is no other proper basis to grant Plaintiff's motion.

2.      **Governing Law**

As a general rule, a party has no standing to seek to quash a subpoena directed to a non-party. *Charters v. John Hancock Life Ins. Co.,* 2009 WL 818185, slip op. at *1, n.1 (E.D. Mich. Mar. 27, 2009); *Underwood v. Riverview of Ann Arbor*, 2008 WL 5235992, slip op. at *1 (E.D. Mich. Dec. 15, 2008); *City of Ecorse v. United States Steel*, 2007 WL 4239263, slip op. at *2 (E.D. Mich. Dec. 3, 2007). The exception is when the party is making a claim of personal right or privilege with respect to the subpoenaed documents. *Charters*, 2009 WL 818185; *Underwood*, 2008 WL 5235992; *City of Ecorse*, 2007 WL 4239263. The party seeking to quash a subpoena bears a heavy burden of proof. *City of Ecorse*, 2007 WL 4239263, slip op. at *2.

The moving party must establish good cause in order to obtain a protective order. *Underwood*, 2008 WL 5235992, slip op. at *2. Good cause is established with specific facts showing clearly defined and serious injury resulting from the discovery sought. (*Id.*). The moving party cannot rely on conclusory statements. (*Id.*).

3.      **Analysis**

A.      **Motion to Quash**

Plaintiff fails to identify the specific provision of Rule 45 under which he is moving to quash Defendant's subpoena to Wearmaster. As stated above, the general rule is that a party does not have standing to move to quash a subpoena directed to a non-party such as Wearmaster. *See, e.g., Charters*, 2009 WL 818185. In his motion, Plaintiff does not make any claim of a personal right or privilege in the requested documents. (Docket no. 21). Accordingly, Plaintiff lacks standing to move to quash the subpoena. *See, e.g., Charters*, 2009 WL 818185.

Even if Plaintiff had standing, he has failed to carry his heavy burden of establishing that the subpoena should be quashed.  Plaintiff provides no support for his contention that a signed authorization is required before Defendant may access his employment records.  Although this Court does not condone Defendant counsel's failure to give proper notice of the subpoena (and will in the appropriate case grant a motion to quash on this basis solely), there is no prejudice in this case because Plaintiff became aware of the subpoena even before his employer became aware of it.  In addition, Plaintiff gave a copy of the subpoena to his employer which moots Plaintiff's argument that the subpoena should be quashed to prevent his current employer from knowing that he is suing his former employer.  Finally, Plaintiff's offer to obtain his personnel file for Defendant and the entered protective order are not equivalent alternatives to the subpoena.  Accordingly, the Court could not grant Plaintiff's motion to quash even if he had standing to present it.

### B.       Motion for Protective Order

Plaintiff seeks a protective order for Defendant to obtain the requested information by an alternate method, as an alternative to quashing the subpoena.  Plaintiff must establish good cause for a protective order which requires a showing of clearly defined and serious injury resulting from the discovery.  *Underwood*, 2008 WL 5235992, slip op. at *2.

As discussed above, the arguments in Plaintiff's brief fail to justify quashing Defendant's subpoena, and they fail to justify granting a protective order for the same reasons.  In the Joint Statement Plaintiff presents some arguments that the Court will address although they are not properly presented outside of the briefs.  Plaintiff argues that Defendant is attempting to "garner unfair tactical advantage and unduly prejudice" him by issuing this subpoena.  (Docket no. 28 at 5). Plaintiff also contends that the subpoena is a fishing expedition by Defendant in the "shadow zones

of relevancy." (*Id*. at 4).  These are conclusory assertions which do not warrant granting a protective

order.  In the Joint Statement for the first time Plaintiff argues that Defendant is not entitled to obtain

his medical records from his current employer, if any exist.  (Docket no. 28 at 3 n.1).  He fails to

show that any serious injury will result from this disclosure, however.  Plaintiff has agreed to sign

releases for his medical records.  (Docket no. 21-4 (Interrogatory 19 Response)).  There is no

showing that records other than those he has already agreed to disclose are in the possession of his

current employer.  Plaintiff has failed to show that a clearly defined and serious injury will result

from the requested discovery.  Plaintiff's Motion for Protective Order must be denied.

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Defendant's Subpoena

or for Protective Order (docket no. 21) is **DENIED.**

### NOTICE TO THE PARTIES

      Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28

U.S.C. 636(b)(1).

Dated: May 29, 2009        s/ Mona K. Majzoub
                      MONA K. MAJZOUB
                      UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

      I hereby certify that this Order was served upon  Counsel of Record on this date.

Dated: May 29, 2009        s/ Lisa C. Bartlett
                      Courtroom Deputy