UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELSTON SMITH,

        Plaintiff,

v.

SEARS, ROEBUCK AND COMPANY,

        Defendant.

_____/

Case No. 08-15021

Honorable John Corbett O'Meara

## OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter came before the court on defendant Sears' November 16, 2009 motion for summary judgment. Plaintiff Elston Smith filed a response January 7, 2010; and Defendant filed a reply January 20, 2010. Oral argument was heard March 11, 2010. For the reasons set forth below, the court will grant Defendant's motion for summary judgment.

## BACKGROUND FACTS

Plaintiff Elston Smith, an African-American, was employed by defendant Sears as the Auto Center Manager ("ACM") at its Dearborn, Michigan store beginning in December 2003. His employment was terminated September 26, 2007. Plaintiff alleges that he was terminated because of his race and in retaliation for filing an EEOC complaint against his employer. Defendant contends that Plaintiff was terminated for violating two workplace policies, the prohibition against cashing out a family member and calling in customer-issued satisfaction surveys. In his deposition, Plaintiff admitted that he violated the policies; however, he asserts that he was treated more harshly than similarly situated, non-African American employees. Plaintiff filed this suit alleging violations of Title VII and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA").

## LAW AND ANALYSIS

Both Title VII and ELCRA prohibit an employer from discriminating on the basis of race. In cases involving alleged racial bias in the application of discipline for violation of work rules, the plaintiff must show either that (a) he did not violate the work rule; or (b) he engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other person who engaged in similar misconduct. Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir. 1989).

Plaintiff has admitted that he violated two workplace policies. He conceded that he cashed out his daughter after she purchased an oil change at Plaintiff's store. Smith dep. at 119-20. In addition, Plaintiff has admitted that on at least one or two occasions he used customers' survey coupons and called in surveys on the Dearborn Auto Center in an effort get positive customer feedback either for himself or for his department. Id. at 141-44.

Although Plaintiff "feels" as though he was treated more harshly than others for his infractions of the rules, Plaintiff has failed to point to even one employee who violated the prohibition against cashing out family members and was treated more favorably than he. Defendant Sears, on the other hand, has shown that the following employees were all terminated for ringing up a sale to a family member: Edward Denny, Jerome Kolton, and Kevin Brown. All three are Caucasian. Defendant also cites four employees who were terminated for calling in customer satisfaction surveys: Earl Johnson, Amal Ayad, Edward Graham, and Sylvia Dailey. The first two are Caucasian, the latter are African American. Under these circumstances, defendant Sears is entitled to summary judgment on Plaintiff's race discrimination and retaliation claims.

Plaintiff's argument relies on a litany of subjective feelings concerning his treatment by defendant Sears during the course of his employment. For example, he alleges that Larry Fornwall, the store's general manager, and Rich Mangold, the District Automotive Sales Manager, referred to the store as "the Black store" and said, "We need to hire some whites in here." Fornwall has acknowledged that he did suggest the need for more Arab American employees because the store is located in Dearborn. Fornwall and Mangold also allegedly told Plaintiff, "We don't want you here. We don't like you. We want you gone." However, those statements are not race-based; and those stray remarks cannot, as a matter of law, create an inference that Plaintiff's discharge was the result of race discrimination. See Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1330 (6th Cir. 1994).

## ORDER

For all the reasons set forth above, it is hereby **ORDERED** that defendant Sears' November 16, 2009 motion for summary judgment is **GRANTED.**


s/John Corbett O'Meara
United States District Judge

Date: March 24, 2010


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 24, 2010, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager